**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RODNEY POWELL,

        Plaintiff-Appellant,

    v.

NELSON SPEAR, individually and
officially as a member of the Fifth
Judicial Court of Lea County,

        Defendant-Appellant.

No. 00-2378

(D. New Mexico)

(D.C. No. CIV-00-852-MV/LFG)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

Rodney Powell, a New Mexico state prisoner proceeding pro se, appeals

the district court's order dismissing his civil rights complaint sua sponte pursuant

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to 28 U.S.C. §1915(e)(2) and Fed. R. Civ. P. 12(b)(6). The court ruled that Mr. Powell's complaint was barred by New Mexico's three-year statute of limitations for personal injury actions. See N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990); Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984) (holding that the state statute of limitations for personal injury actions applies to § 1983 claims), aff'd, 471 U.S. 261 (1985).

In his complaint, Mr. Powell alleged that the defendant Nelson Spear, an assistant district attorney, violated his constitutional rights by failing to disclose exculpatory material prior to a preliminary hearing in a robbery prosecution. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"); United States v. Hughes, 33 F.3d 1248, 1251 (10th Cir. 1994) (discussing the elements necessary to establish a Brady violation). Pursuant to 42 U.S.C. § 1983, he sought compensatory and punitive damages.

Mr. Powell acknowledged that the preliminary hearing at issue occurred on August 2, 1998. However, he added that he did not discover that the defendant Mr. Spear withheld the evidence until June 1998, when he received a brief from the defendants in related civil litigation. See Rec. doc. 1, at 2 (complaint

alleging that "in Powell v. Carter . . . it was learned that [Mr.] Spear omitted exculpatory evidence from the Plaintiff's Magistrate Court Preliminary Hearing").

In dismissing the complaint as untimely, the district court observed that the applicable statute of limitations for § 1983 actions in New Mexico is three years and that the alleged withholding of evidence occurred in August 1995, almost five years before the date on which Mr. Powell filed the complaint, June 12, 2000. The court also noted that the exculpatory evidence was ultimately admitted at Mr. Powell's trial and that Mr. Powell was acquitted of the charges. Additionally, Mr. Powell acknowledged that the verdict of acquittal was rendered on January 2, 1996, four and a half years before he filed this action.

On appeal, Mr. Powell argues that the district court erred in refusing to consider his allegation that he did not discover the Brady violation until June 1998 and that, as a result, the statute of limitations did not begin to run until that date. We conclude that Mr. Powell's argument does not warrant reversal of the district court's decision. Even if the statute of limitations was tolled, Mr. Powell's § 1983 claim is foreclosed by the doctrine of prosecutorial immunity.

Under that doctrine, "state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings" are "absolutely immune from suit under

§ 1983 concerning activities 'intimately associated with the judicial . . . process.'"  Pfeiffer v. Hartford Fire Ins. Co. , 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting  Imbler v. Pachtman , 424 U.S. 409, 430-31 (1976)).  A prosecutor's withholding of evidence is an action "intimately associated" with the judicial process.   See Imbler , 424 U.S. at 431 n.34 (rejecting the argument that the failure to disclose such evidence is not associated with the judicial process); see also  Robinson v. Volkswagenwerk AG , 940 F.2d 1369, 1373 n.4 (10th Cir. 1991) ("Whether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors.").

Accordingly, in light of the defendant Mr. Spear's absolute immunity, dismissal of Mr. Powell's complaint for failure to state a claim was proper.  We therefore AFFIRM the judgment of the district court.

Entered for the Court,


Robert H. Henry
United States Circuit Judge