**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JERRY E. BLAIR,

     Plaintiff - Appellant,

v.

DONDI OSBORNE,

     Defendant - Appellee.

No. 18-1417
(D.C. No. 1:18-CV-01774-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

A Colorado state jury convicted Jerry Blair of several violations of state law,

and the state trial judge sentenced him to thirty-two years of imprisonment.  Blair

subsequently sued the prosecutor—Dondi Osborne—in state court, alleging improper

conduct during his criminal proceedings.  Osborne then removed the case to federal

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court, and the district court judge dismissed the action with prejudice.  Blair appeals.[1]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On June 19, 2018, Blair filed a three-count complaint (the "State Court Complaint")—which asserted two state-law claims and a 42 U.S.C. § 1983 claim—in Colorado state court against Osborne.  In that complaint, he alleged that at an August 2006 sentencing hearing, the sentencing judge in his state criminal case had erroneously enhanced his sentence for possessing a *deadly* weapon when the appropriate enhancement was for possessing a *dangerous* weapon.  That error, Blair contended, subjects him to additional years of imprisonment.

The dangerous weapon enhancement was included in his state pre-sentence report.  Blair, however, alleged his counsel had not received that report before sentencing and the state trial court denied defense counsel's request to continue the sentencing.

At the sentencing hearing, Osborne allegedly represented, contrary to the pre-sentence report, that the weapon at issue was a deadly weapon—not a dangerous weapon—and that, as such, it was not appropriate to add an additional five years to Blair's sentence.  Blair further alleged that the judge initially agreed with Osborne, but that, as a result of Osborne's other actions at the hearing, the judge nevertheless

---

[1] Blair seeks leave to proceed on appeal in forma pauperis ("IFP"). We grant his motion to proceed IFP and address his appeal on the merits.

2

added the additional time to Blair's sentence, which resulted in a sentence that exceeded the statutory maximum.

Blair subsequently filed several post-conviction motions to alter his sentence. In the State Court Complaint, he alleged that Osborne either filed oppositions to those motions or failed to file any response when she should have filed briefs in support.

Returning to the present proceedings, on July 12, 2018, Osborne removed the State Court Complaint to the United States District Court for the District of Colorado. The magistrate judge assigned to the case ordered Blair to file an amended complaint on a court-approved prisoner complaint form.

On September 4, 2018, the district court docketed an amended complaint (the "First Amended Complaint"), which Blair had placed in the prison mail on August 30, 2018. The First Amended Complaint lacks much of the detail from the initial State Court Complaint and suffers from a lack of clarity. It purports to assert two claims. Claim One is titled "U.S[.] Const. 5th amend due process. 14th amend equal protection. Abuse of process."[2] This claim relates to certain statements Osborne made during Blair's sentencing hearing and also asserts that Brady v. Maryland, 373 U.S. 83 (1963), required Osborne to provide him with his pre-sentence report at the sentencing proceeding.

_____

[2] In both claims, Blair also cites to Colorado's Rules of Professional Conduct.

3

Claim Two is titled "U.S. Const 4th amend unconstitutional arrest & false imprisonment U.S. Const 5th amend due process of law. U[.]S. Const 6th amend Right to trial by jury." This claim relates to other statements Osborne made during Blair's sentencing hearing and to her subsequent failure to act to correct Blair's sentence.

On September 17, 2018, Osborne moved to dismiss the First Amended Complaint.

On September 20, 2018, the district court dismissed the First Amended Complaint with prejudice pursuant to its 28 U.S.C. § 1915A screening authority. The district court reasoned that prosecutorial immunity barred Blair's claims insofar as he sued Osborne in her personal capacity and sovereign immunity barred his claims insofar as he sued Osborne in her official capacity. The district court also noted that even if Osborne were not entitled to immunity, Heck v. Humphrey, 512 U.S. 477 (1994),[3] barred Blair's claims.

_____

[3] In Heck v. Humphrey, the Supreme Court indicated that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–87 (1994) (footnote omitted) (emphasis in original).

4

On September 21, 2018, the district court docketed a purported amended complaint (the "Purported Second Amended Complaint"), which Blair had placed in the prison mail on September 18, 2018—before the district court dismissed the First Amended Complaint. The Purported Second Amended Complaint is not a complete complaint. Rather, it is a one-page document that asserts a third claim that Blair seeks to add to his First Amended Complaint. That claim is titled "U[.]S. Const 4th amend. No warrant shall issue but upon probable cause. 5th amend due process of law. 6th amend. to be informed of the nature & cause of the accusation. 8th amend. excessive fines nor cruel & unusual punishment shall not be inflicted. 14th amend. due process & equal protection of laws." It also cites to various Colorado Rules of Criminal Procedure. This third claim relates to an allegedly unconstitutional lack of specificity in the charging documents. The district court never expressly addressed that document.

The district court subsequently denied a motion for reconsideration. Blair now appeals.

II.

Blair contends the district court erred when it dismissed his claims because: (1) he sued Osborne in her personal capacity and, as such, only prosecutorial immunity—not sovereign immunity—applies; and (2) Osborne abandoned her prosecutorial role and is not entitled to prosecutorial immunity.[4]

---

[4] Blair also raises other arguments. Because we resolve this appeal on prosecutorial immunity grounds, we do not reach those arguments.

Blair's argument lacks merit.  In his brief, he argues Osborne abandoned her prosecutorial capacity and forfeited prosecutorial immunity when she: (1) corrected the presentence report during the sentencing hearing—which in Blair's view, caused her to act as a member of the probation department, not as an advocate; and (2) filed vague charging documents.[5]

Prosecutorial immunity bars claims for damages against a prosecutor sued in her individual capacity.[6]  See Lewis v. Clarke, 137 S. Ct. 1285, 1291 (2017).  That immunity provides absolute immunity from suit for activities that are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  By contrast, "absolute immunity may not apply when a prosecutor . . . is instead engaged in other tasks, say, investigative or

---

[5] This argument appears to correspond to the claim raised in the Purported Second Amended Complaint.  The district court had not docketed that complaint when it dismissed Blair's claims and, as we previously noted, that complaint was never expressly addressed by the district court.  Blair does not, however, argue that the district court should have taken any action with respect to that complaint.  Instead, he appears to assume that the claim raised in the Purported Second Amended Complaint was before the district court and the district court's order encompassed both that claim and the claims from the First Amended Complaint.  We will proceed based on that assumption because it does not alter the outcome of this appeal.

[6] We note that Blair also requested injunctive and declaratory relief in the first amended complaint.  Prosecutorial immunity does not bar courts from providing such relief.  See Supreme Court of Va. v. Consumers Union of U. S., Inc., 446 U.S. 719, 736 (1980).  But Blair has never argued that prosecutorial immunity does not apply to claims for injunctive and declaratory relief.  Thus, he waived that argument.  See Toevs v. Reid, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived.  This court has not hesitated to apply this waiver rule to prisoner litigants." (citations omitted)).

administrative tasks." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009). In essence, "a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case." Mink v. Suthers, 482 F.3d 1244, 1261 (10th Cir. 2007).

In some cases, "[d]rawing a proper line between these functions may present difficult questions." Imbler, 424 U.S. at 431 n.33. This is not one of those cases. Prosecutorial immunity applies to the preparation of a vague charging document. Cf. Kalina v. Fletcher, 522 U.S. 118, 129 (1997) (holding that prosecutorial immunity applied to a prosecutor's actions "in connection with the preparation and filing of . . . charging documents" containing allegedly false information, except insofar as she acted as a witness by attesting to the truth or the falsity of the facts in those documents). We are also satisfied that prosecutorial immunity applies to Osborne's statements at the sentencing hearing because it is the prosecutor's role as an advocate to make requests, arguments, and concessions during such hearings.[7] Thus, the

---

[7] Although Blair did not specifically address the other actions he attributes to Osborne, prosecutorial immunity applies to those actions as well. It is an advocate's responsibility to determine whether to file motions, whether to respond to the opposing party's motions, and to determine the contents of the advocate's briefs. Furthermore, even if Osborne did not provide the pre-sentence report to Blair and had an obligation do so, that failure is intimately associated with the judicial process. Cf. Powell v. Spear, 6 F. App'x 739, 741 (10th Cir. 2001) (unpublished) ("A prosecutor's withholding of evidence is an action 'intimately associated' with the judicial process.") (citing Imbler, 424 U.S. at 431 n.34)).

district court did not err when it determined that Osborne was entitled to prosecutorial immunity.[8]

III.

For the reasons stated above, we GRANT Blair's motion to proceed IFP and AFFIRM the district court's judgment.  We DENY Osborne's motion to impose pre-filing restrictions.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[8] Osborne filed a motion asking this Court to impose pre-filing restrictions on Blair.  We do not grant that motion at this time, but we may re-examine that decision in a subsequent case.